[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The applicant, Rudolph Netsch Construction Co., Inc. (Netsch) is a construction contractor who seeks a temporary injunction restraining the defendant, Town of Westbrook, from executing a contract, issuing a notice of intent or notice to proceed to, permitting any work to be performed by, or providing any funds in furtherance of work to be performed by, any CT Page 4934 contractor other than the plaintiff in this case absent a rebid of the subject contract on a project known as additions and alterations associated with the conversion of the former Teresa Mulvey Elementary School to the New Teresa Mulvey Municipal Center.
The court finds that the parties' stipulated to the following.
On or about January 4, 2002, the Town invited bids for the construction of additions and alterations associated with the conversion of the Teresa Mulvey Elementary School into a municipal center.
On February 14, 2002, the Town publicly opened the bids. The apparent low bidder was Netsch, whose bid was $150,000 lower than the next lowest bid submitted by the Carlin Construction Company (Carlin).
The invitation to bid provides "The Town of Westbrook reserves the right to reject any or all bids, or to waive any informality in bidding when such action is deemed to be in the best interest of the Town of Westbrook."
Paragraph 5.3.1 of instructions to bidders provides: "It is the intent of the Owner (Town) to award a Contract to the lowest responsible Bidder provided the Bid has been submitted in accordance with the requirements of the Bidding Documents and does not exceed the funds available. The Owner shall have the right to waive informalities or irregularities in a Bid received and to accept the Bid, which, in the Owner's judgment is in the owner's best interest."
The bid documents indicate a requirement that the contract be completed in 365 days.
Under the part of the bid submission for entitled "Exclusions," Netsch stated "We take exception to 365 days to complete. Our days to complete would be 458 days.
After review of the bids by the Town and the project architect, and after consulting with legal counsel, the Teresa Mulvey Building Renovation Committee voted unanimously to reject Netsch's bid as non-responsive. The committee then unanimously voted to accept the bid of Carlin as the lowest responsive bid by a responsible bidder.
The reason that the committee found the Netsch bid to be non-responsive was because Netsch had taken exception to the project completion time noted in the bid documents. The committee found that this was a material deviation from the bid requirements which required the committee to reject the bid as non-responsive. CT Page 4935
The court expressly finds and rules as follows.
The Town's inclusion of 365 days for completion of the contract was a indication that time was of essence in the performance of the contract.
The court agrees with the committee and finds that Netsch's bid did not conform to the time requirements of the bid specification and its alteration of the required time of 365 days to 458 days was a material deviation from the bid requirements and justifies the committee's decision to reject the bid as non-responsive.
The committee acted properly, reasonably, in accordance with applicable law and in the best interest of the Town of Westbrook.
The application for Temporary Injunction is denied.
 ___________________ SPALLONE JUDGE TRIAL REFEREE